UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-28227-CIV-SINGHAL

VIDIEK RODRIGUEZ,

Petitioner,

v.

D.H.S., *et al.*,

Respondents.
______________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court upon Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "**Petition**"). (DE [1]). Petitioner is a Cuban citizen who has been subject to a final order of removal since 2013. *Id.* at 4. The government previously detained Petitioner for 90 days while it attempted to remove him, but—because Cuba would not accept Petitioner's return—ultimately released him back into the United States on supervised release. *See id.* at 6–7. Petitioner was re-detained by immigration authorities on February 3, 2026, and has remained in custody since then. *Id.* at 4, 6. He argues only that his detention violates due process, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), among other things. *See generally id.*

True, *Zadvydas* requires an alien's release if he has been detained more than six months and there remains "no significant likelihood of [his] removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. But when an alien thwarts his removal, he waives any otherwise available prolonged detention argument. *See, e.g.*, *Oladokun v. U.S. Att'y Gen.*, 479 Fed. Appx. 895, 897 (11th Cir. 2012); *Vaz v. Skinner*, 634 Fed.

Appx. 778, 782 (11th Cir. 2015). And, at least on the limited facts Petitioner pleads,[1] Petitioner has thwarted his removal at least once.

Whether an alien thwarts removal requires a common-sense view of the facts. Here, Petitioner refused to sign notices of removal and disobeyed instructions to depart a bus facilitating his removal. *See* (DE [1] at 13). While it is unclear whether an alien's failure to sign a notice of removal thwarts removal to a third country in *every* case, *compare Torre v. U.S. Immigr. and Cus. Enf't*, --- F. Supp. 3d ----, 2026 WL 2409164, at *2 (S.D. Fla. 2026) (Singhal, J.) (explaining that third countries generally require a signed notice of removal before accepting the signatory alien) *with Hernandez Ruiz v. U.S. Dep't of Homeland Sec.*, 2026 WL 1858238, at *4 (M.D. Fla. June 29, 2026) (Pratt, J.) (holding government failed to demonstrate how alien's refusal to sign notice of removal hindered removal to third country), a signed notice of removal undoubtedly facilitates removal. Indeed, Petitioner all but concedes that his refusals to sign his notices of removal were calculated to obstruct removal. *See* (DE [1] at 11 (arguing that his "refusal of third country removal does not justify continued prolonged detention"). Although the Court is nearly convinced that Petitioner's refusal to sign his notices of removal destroyed his *Zadvydas* claims, it need not decide that issue.

Indeed, the Petition must be denied because Petitioner refused to exit the bus. *See* (DE [1] at 13). Without further context demonstrating why Petitioner's refusal to exit the bus did not meaningfully hinder his removal, Petitioner fails to state a *Zadvydas* claim for prolonged detention. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Petition (DE [1]) is **DENIED WITHOUT PREJUDICE**;

[1] The Court suspects that certain facts in Petitioner's Memorandum of Law, *see* (DE [1] at 10–15), may not apply to him since the memorandum repeatedly cites a different docket. Nevertheless, because Petitioner advances the memorandum as his own, the Court assumes the truth of its factual representations.

2. Assuming no legal bar, Petitioner may re-file his claims in a new petition for habeas corpus under a new case number but must notify the Clerk of Court that the new case is related to this one;

3. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 19th day of November 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF